Catharine Schmidt *et al.*

*v.*

Nicholas Williams.

Mechanic's lien—*decree of sale*—*as to whether redemption was allowed.* Where a decree for the sale of land in a proceeding to enforce a mechanic's lien, made at a time when no redemption was allowed by law on such sales, directed the premises to be sold as under executions at law, to satisfy the decree, it was *held*, that the decree did not give a right of redemption as on a sale under execution, but that the direction applied to the manner of advertising and making the sale.

Appeal from the Circuit Court of Alexander county; the Hon. David J. Baker, Judge, presiding.

This was an action of ejectment. The plaintiff's claim of title to the premises in controversy was under and by virtue of a deed thereof, made by a special commissioner, under a decree in a mechanic's lien proceeding against the defendant. The decree, in a suit wherein one James S. Morris was plaintiff, and Nicholas Williams, the defendant herein, was defendant, was rendered against said Williams at the July term, 1866, of the Court of Common Pleas of the City of Cairo,

whereby a mechanic's lien for the sum of $204.65 was established against the premises in question, and the defendant was decreed to pay that sum to the plaintiff in that suit within ninety days from the date of the decree, and in default of so doing, it was ordered that the premises (describing them) be sold as under executions at law, to satisfy the decree, and Alexander H. Irwin was appointed special commissioner to make the sale. Default of payment having been made, the special commissioner afterward, on the 26th day of November, 1866, sold the premises at public sale to Margaretta Schmidt, as the highest bidder, for the sum of $250, and on the fourth day of December, 1866, executed a deed therefor to her. At the January term, 1867, of the court, the special commissioner made report of the sale, which was approved by the court—the report, however, making no mention of having executed a deed. The death of Margaretta Schmidt, and of the heirship of the plaintiffs, the appellants, to her, was proved. Upon the offer in evidence of the deed of the special commissioner, on objection by the defendant, it was excluded by the court, and judgment was given for the defendant. The plaintiffs appealed.

Messrs. MULKEY, LINEGAR & LANSDEN, for the appellants.

Messrs. GREEN & GILBERT, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The sole point made for the reversal of the judgment is the exclusion of the deed offered in evidence, under which the plaintiffs' claim of title was derived. The only attempted justification of its exclusion is upon the particular words of the decree that the premises "be sold as under executions at law to satisfy this decree." Appellee contends that by this language of the decree there was given a right of redemption, the same as exists by law upon sales under execution on ordi-

nary judgments at law; that upon the sale the commissioner should have simply executed a certificate of purchase, and at the end of fifteen months, if the premises were not redeemed, then, and not till then, he should have made a deed to the purchaser, or to the one holding the certificate of purchase, just in the same manner as *upon sales under executions at law;* and such is said to have been the holding of the circuit court, and the ground of the exclusion of the deed.

We can not agree with this construction of the decree.     At the time when the decree was rendered, there was not given by law any right of redemption from sales under decrees in a mechanic's lien proceeding.     But there was, by law, such right of redemption upon execution sales, under ordinary judgments at law.     The giving of a right of redemption from the sale under the decree would have been unwarranted by law, and we can not think that the court, by the direction that the commissioner should make the sale as under executions at law, intended *to* give any *right of* redemption from the sale.     We regard this direction in the decree as not so doing, and as but applying to the manner of advertising, length of time of advertising, and the manner of making the sale.

Holding that there was error in excluding the deed, the judgment is reversed and the cause remanded.

<em>Judgment reversed.</em>